BRIDGET REARDON *vs.* BARTHOLOMEW RUSSELL.

A bastardy process is not to be dismissed by the court of common pleas because the attorney appearing there for the complainant is the justice before whom the sworn accusation was made.

· BASTARDY PROCESS. The justice before whom the complaint was instituted and the complainant's examination taken, and who issued the warrant for the respondent's arrest and took his recognizance for his appearance at the court of common pleas, entered the papers in that court and appeared there as the complainant's only attorney. On this ground that court on motion of the respondent dismissed the complaint, and the complainant appealed.

*L. Lapham,* for the complainant.

*J. Brown,* for the respondent.

DEWEY, J. The provisions of the Rev. Sts. *c.* 85, § 34, that " no justice shall be retained or employed as counsel or attorney before any court, upon appeal or otherwise, in any suit or action which shall have been previously determined before himself," are such as to prohibit in all cases the appearance of a person as counsel who has previously officiated as a justice in the same case. It is not necessary therefore, with reference to such appearance as counsel, to consider particularly the question whether this is a civil action. The *St.* of 1851, *c.* 96, seems, however, to have distinctly marked its character, by declaring that its pro·

ceedings shall be " according to the course of proceedings in civil cases." The Rev. Sts. *c.* 85, § 34, do clearly preclude the justice from appearing as attorney or counsel upon the trial of the case upon the appeal taken to the court of common pleas, and to this extent the ruling was proper. But there was no occasion for the further order dismissing the complaint, if the complainant elects to appear by herself or by other counsel. The provision of the same statute, that a justice shall not " try any civil action commenced by himself or by his order or direction, and every civil action so commenced shall be dismissed," is not applicable to the present case. There is nothing to show that this suit was commenced by the order or direction of the justice, or that he was in any way employed as attorney or counsel until after the respondent was apprehended and ordered by the justice to give bonds to answer to said complaint at the next term of the court of common pleas.

The order dismissing the appeal was erroneous, and the case must be remitted to the court of common pleas for further proceedings.